**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DALE DEVON SCHEANETTE, 999440** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:05-CV-1936-P** |
| | ) | |
| **OFFICE OF THE CHIEF DISCIPLINARY** | ) | |
| **COUNSEL and GARY NATION,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties**

Plaintiff is currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division. He brings this suit pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"). Plaintiff is proceeding pro se, and the Court has granted him permission to proceed *in forma pauperis*.[1] Defendants are the Texas State Bar Office of the

---

[1] At the time Plaintiff filed this complaint, he had accumulated two strikes under 28 U.S.C. 1915(g) for filing frivolous lawsuits. *See Scheanette v. Thomas, et al.*, 4:05-CV-208 (N.D. Tex. April 8, 2005), and *Scheanette v. Curry, et al.*, 4:05-CV-564 (N.D. Tex. Sept. 9, 2005). He has subsequently received two additional strikes for frivolous filings. *See Scheanette v. Dretke, et al.*, 9:05-CV-155 (E.D. Tex. Oct. 18, 2005) and *Scheanette v. Dretke, et al.*, No. 9:05-CV-179 (E.D. Tex. Nov. 10, 2005). A determination as to whether a plaintiff is barred from proceeding *in forma pauperis* by the three strikes provision of 1915(g) is made at the time the complaint is filed. Plaintiff, therefore, was not barred by three strikes at the time he filed this complaint.

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -1-

Chief Disciplinary Counsel and Texas State Bar Disciplinary Counsel investigator Gary Nation.

## II.  Background

Plaintiff was convicted of capital murder and sentenced to death.  Plaintiff filed grievances with the Texas State Bar, arguing that the prosecutors in his criminal case knowingly offered perjured testimony, "railroaded" him because of his race, and committed numerous instances of prosecutorial misconduct.  The State Bar Office of the Chief Disciplinary Counsel dismissed Plaintiff's grievances.

In this case, Plaintiff raises over eighty separate claims arguing that the dismissal of his grievances violates his constitutional rights.  He also argues that as a death row inmate, he qualifies as disabled under the Americans with Disability Act.  He states Defendants discriminated against him under the ADA by not thoroughly investigating his claims.  He also alleges numerous state law claims, including "misuse of state property" because Defendants used stamps to mail envelopes denying Plaintiff's claims and "misuse of electrical motor driven equipment" because Defendants used typewriters and printers to send letters denying Plaintiff's grievances.

## III.  Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing

fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

if the court determines that . . . (B) the action or appeal–(i) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant

who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds

that the complaint is frivolous or fails to state a claim upon which relief may be granted.  A

complaint is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490

U.S. 319, 325 (1989).  A complaint fails to state a claim upon which relief may be granted when

it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that

would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## IV.  Discussion

### 1.  Claims under § 1983

Plaintiff claims the prosecutors in his criminal trial committed numerous acts of

misconduct.  He alleges that Defendants' findings that the prosecutors did not commit the

alleged misconduct and Defendants' dismissal of his claims violates his civil rights and entitles

him to monetary damages.  In *Heck v. Humprey*, 512 U.S. 477 (1994), the Supreme Court held

that a § 1983 claim attacking the constitutionality of a conviction or imprisonment does not

accrue until that conviction or sentence has been "reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. at

486-87.  *Heck* also bars damage claims, which, if successful, would necessarily imply the

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -3-

invalidity of a conviction or pending charge. *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).

Plaintiff's claim for damages is clearly connected to the legality of his conviction. A finding in favor of Plaintiff would imply the invalidity of his conviction. Plaintiff's conviction, however, has not been reversed, expunged, or otherwise invalidated. *See Scheanette v. Dretke*, 4:05-CV-718 (N.D. Tex. filed Nov. 15, 2005) (pending federal habeas corpus petition); *Ex parte Scheanette*, Application No. 59,466-01 (state habeas corpus application denied by the Texas Court of Criminal Appeals on November 9, 2005). Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

## 2.  Remaining Claims

Plaintiff claims that because he is a death row inmate, he is impaired in major life activities. He therefore argues that he is disabled under the ADA and that Defendants have discriminated against him under the ADA. Plaintiff's ADA claims are patently frivolous and should be denied.

Plaintiff also alleges numerous violations of state law, including negligent infliction of emotional distress, intentional infliction of emotional distress, negligence, misrepresentation, negligent misrepresentation, abuse of process, negligent misuse of state property, negligent use/misuse of electrical motor driven equipment, and negligent supervision/retention. Because the Court recommends that Plaintiff's federal claims be dismissed, it also recommends that the Court dismiss Plaintiff's state claims. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("pendant jurisdiction is a doctrine of discretion . . . . Certainly, if the federal

claims are dismissed before trial, . . . the state claims should be dismissed as well.").

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims under 42 U.S.C. § 1983 be dismissed with prejudice until the *Heck* conditions are met; (2) Plaintiff's claims under the ADA be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); and (3) Plaintiff's state law claims be dismissed without prejudice.

Signed November 17, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -5-

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -6-